### John Knefel v. John Pink.

1. PRACTICE—*Objection that Suit is Brought in the Name of Wrong Party Comes Too Late in This Court.*—Where the objection that the suit was brought in the name of the wrong party is not made in the trial court, and the defendant elects to put in his defense on the merits, it is too late in this court for him to shift his ground; he is estopped by his own conduct.

Assumpsit.—The common counts. Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed November 28, 1902.

LEVI SPRAGUE, attorney for plaintiff in error.

JOHNSON & MORRILL, attorneys for defendant in error.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

December 5, 1899, Knefel owed Pink $296. On that day the former gave to the latter a memorandum reading : " Received of John Pink the sum of two hundred and ninety-six dollars. John Knefel." Thereafter Pink came to Knefel, saying that he was going away and asking that the money be paid to his wife. To this Knefel consented and wrote on the back of the memorandum : " Pay to the order of Myrtle Pink the above amount. John Pink." February 13, 1900, Mrs. Pink presented this memorandum to Knefel for payment. Instead of paying her he took the memorandum and gave her a note for $300, secured by trust deed. The two participants differ as to what occurred at that interview, she declaring that she wanted the memorandum, but he would not let her have it, and forced her to accept the note and trust deed, and he asserting that she

Knefel v. Pink.

accepted the note and trust deed in full payment of the money demand. In March, 1900, Pink came home and after calling on Knefel brought this suit in assumpsit. The declaration was the common counts. The plea was the general issue. On the trial there was judgment for the plaintiff in the sum of $296. The $300 note and trust deed were produced on the trial, and before judgment was entered upon the verdict they were tendered by the plaintiff to the defendant and accepted by the latter.

The first point made by plaintiff in error is that this suit should have been brought in the name of Myrtle Pink. This objection was not made in the trial court. Knefel there elected to put in his defense on the merits. It is now too late for him to shift his ground. He is estopped by his own conduct. To avail himself of the objection here he should have made it in the Circuit Court, and if decided against him, he should have excepted to the decision. Smith v. Moore, 3 Scam. 462.

As to the defense that the $300 note and trust deed were accepted in full satisfaction of the original debt there are three answers: First, the evidence shows that, with consent of the defendant, Mrs. Pink was made the agent of her husband for the sole purpose of receiving this money; therefore she had no authority to accept the note and trust deed in lieu of the money. Any agreement in that regard between her and Knefel would not bind the plaintiff. Second, that the question of fact was submitted to the jury, and upon a conflict in the evidence they decided against him. Third, that before judgment was entered the plaintiff below, in open court, tendered him such note and trust deed and he accepted them.

The judgment of the Circuit Court is correct and should be affirmed.